UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILLIAM KOPPE, | No. 2:16-cv-1296-JAM-EFB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| R. DAVIS, | |
| Respondent. | |

Petitioner is a state prisoner who, without counsel, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed his petition on June 13, 2016. ECF No. 1. On November 21, 2017, findings and recommendations were issued recommending that the petition be denied on its merits. ECF No. 16. Petitioner did not file any objections to those findings and recommendation and, on February 21, 2018, the district judge adopted them and judgment was entered accordingly. ECF Nos. 17, 18. Months later, on June 25, 2018, petitioner filed the instant motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 19. The motion should be denied.

### Background

Petitioner states that, on February 23, 2018 he received an order from this court dismissing his habeas petition due to his failure to respond to the undersigned's recommendations. *Id.* at 2. He claims that he never received a copy of the recommendations, however, and appears to blame the prison mail system for this omission. Petitioner argues that he

1

has attempted – without success - to procure incoming legal mail records in order to prove the alleged non-receipt. ECF No. 19 at 2. He now requests that the court order the litigation coordinator at San Quentin State Prison to produce the relevant legal mail records. *Id.* at 3.

Analysis

First, petitioner's motion does not, despite its citation to Rule 60, seek relief from judgment. Rather, it requests an order directing a non-party to disclose prison records that might later assist him in moving for relief under Rule 60. The order requested on this motion would not alter or effect the judgment in this case. In substance, it seeks information and does not include a request for relief under Rule 60. Nor does it address the Rule 60 standards.

Second, and more fundamentally, petitioner is mistaken in his contention that the instant petition was denied due to his failure to respond to the findings and recommendations. Rather, it was denied base on a careful evaluation of the merits of the claims in the petition.[1] ECF Nos. 16 & 17. The order petitioner references observed only that he had not filed any objections to the analysis contained in the findings and recommendation within the relevant time-period. The order did not state that the failure to object was the ground on which his petition was denied. ECF No. 17.

Third, this habeas case – now closed - is not an appropriate vehicle for the relief being sought in the current motion. His issues with the mail system at San Quentin State Prison (and any relief related thereto) implicate prison conditions rather than the validity of his conviction. Thus, to the extent he wishes to pursue these claims, he may file a separate action pursuant to section 1983.

The court will, however, direct the Clerk of Court to resend the relevant findings and recommendations to petitioner. If, after reviewing those recommendations, petitioner believes he has any basis for seeking relief from judgment under the Rule 60 standards, he must file an appropriate motion arguing as much.

/////

---

[1] And, as noted, petitioner's current motion fails to address the standards under Rule 60 for reconsideration of the basis for denying the petition on its merits.

2

Accordingly, it is ORDERED that the Clerk is directed to send petitioner a copy of the November 21, 2017 findings and recommendations (ECF No. 16).

Further, it is RECOMMENDED that petitioner's motion for relief from judgement (ECF No. 19) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. *See* 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE